1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9

BOARDS OF TRUSTEES OF                    CASE NO. CV F 11-2048 LJO SKO

10   LOCAL UNION NO. 100 PENSION
TRUST FUND, et al.,                      **ORDER TO DENY EXTENSION OF DATES**

11                                           (Doc. 17.)
                    Plaintiff,

12           vs.

13   WILLIAM CHARLES PORGES,
et al.,

14
                    Defendant.

15   _____/

16

17           The parties request a two-month extension of all discovery, motion and trial dates set by the April

18   25, 2012 scheduling order.   The parties point to incomplete discovery and unrealized settlement

19   negotiations to support an extension of all dates.

20           Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish

21   deadlines for, among other things, to "file motions" and "complete discovery."  Scheduling orders may

22   also "set dates for pretrial conferences and for trial."  F.R.Civ.P. 16(b)(3)(B)(v).  "A schedule may be

23   modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  The scheduling order

24   "controls the course of the action unless the court modifies it."  F.R.Civ.P. 16(d).

25           Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15,

26   18 (3rd Cir. 1986), and are intended to alleviate case management problems.  *Johnson v. Mammoth*

27   *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous

28   piece of paper, idly entered, which can be cavalierly disregarded without peril."  *Johnson*, 975 F.2d at

1

610.   In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent.  Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

The parties demonstrate neither good cause nor diligence to extend dates.  The parties' request reveals the antithesis of diligence in noting that defendants "have not yet served any written discovery."  This action has been pending for nearly 11 months with apparent minimal activity.  For nearly seven months, the parties have known of looming deadlines and at the last minute seek to extend discovery deadlines based on their lack of effort.  The parties' failure to complete discovery timely is a problem they, not this Court, created.  As such, this Court DENIES without prejudice the parties' request to extend dates.

IT IS SO ORDERED.

Dated:   **November 9, 2012**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE