# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM CHARLES PORGES dba ACCELERATED ELECTRIC, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-02048-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PORGES DEFENDANTS**<br><br>(Docket No. 23) |

On December 3, 2012, counsel for Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc. ("Porges Defendants") filed a motion to withdraw as counsel of record for Defendants.[1] (Doc. 48.) For the reasons set forth below, counsel's motion is DENIED WITHOUT PREJUDICE.

The Local Rules for the United States District Court, Eastern District of California, Rule 182(d) provide specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in *propria persona*. Local Rule 182(d) provides, in pertinent part, that:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

---

[1] The Court notes that moving counsel is also the attorney of record for Defendant American Contractors Indemnity Company ("American Contractors"). Counsel's motion does not seek withdrawal as counsel of record for American Contractors. (*See* Doc. 23, 23-1, 23-2.)

Here, Defendants' counsel's motion does not comport with the requirements of Local Rule 182(d). The Declaration of Chad T. Wishchuk does not provide the current or last known address or addresses of the clients as required. (*See* Wishchuk Decl., Doc. 23-1.) Further, although Mr. Wishchuk indicates that the counsel's law firm "notified Defendants that it would be withdrawing as Defendants' counsel in this action and will serve a copy of this motion on Defendants as soon as it is filed," counsel has failed to set forth what efforts were used to notify the clients and failed to file a proof of service indicating that a copy of the motion was served on the clients.

The Court notes that the Porges Defendants have consented to counsel's withdrawal. (*See* Doc. 23-2.) However, notwithstanding the client's knowledge of counsel's intention to withdraw, the motion is still procedurally defective since counsel fails to include the Porges Defendants' contact information, fails to set forth the effort made by counsel to notify the clients, and fails to provide a proof of service. Local Rule 182(d). As counsel's withdrawal will leave the Porges Defendants in *propria persona*, counsel's failure to meet the requirements set forth in Local Rule 182(d) precludes the Court from considering the motion to withdraw at this time.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion to withdraw as attorney of record for the Porges Defendants is DENIED WITHOUT PREJUDICE; and

2. The hearing on this motion set for January 9, 2013, is VACATED.

IT IS SO ORDERED.

Dated:   January 7, 2013                 /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] In the event that Defendants' counsel wishes to re-file a motion to withdraw that complies with Local Rule 182(d), the motion should address the issue of whether counsel intends to remain as attorney of record for Defendant American Contractors. Additionally, any notice counsel provides to Defendants should inform them that, if counsel's motion to withdraw is granted, Defendants will be required to obtain new counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."); Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.")