# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CHARLES PORGES dba ACCELERATED ELECTRIC, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:11-cv-02048-LJO-SKO<br><br>**ORDER STRIKING DEFENDANT AMERICAN CONTRACTORS' MOTION FOR LEAVE TO FILE CROSS-CLAIM**<br><br>(Docket No. 30) |

## I. INTRODUCTION

On February 7, 2013, Defendant American Contractors Indemnity Company ("American Contractors") filed a proposed Substitution of Attorney and Motion for Leave to File a Cross Claim, seeking to file a cross-claim against Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc. ("Porges Defendants"). (Docs. 29, 30.) On February 13, 2013, the Court approved the request for substitution of counsel. (Doc. 32.)

For the reasons set forth below, American Contractors' Motion for Leave to File a Cross Claim against the Porges Defendant is STRICKEN as being untimely in violation of the Court's Scheduling Order. (*See* Doc. 15.)

## II. DISCUSSION

This action was filed on December 13, 2011, and on April 13, 2011, American Contractors filed an answer. (Docs. 1, 12.) On April 25, 2012, a Scheduling Order was issued, setting deadlines in this action including a non-dispositive motion filing deadline of January 9, 2013, and a dispositive motion filing deadline of February 20, 2013. (Doc. 15.)

On November 9, 2012, the parties requested to extend the discovery deadlines. (Doc. 17.) On November 13, 2012, District Judge Lawrence J. O'Neill denied the requested extension of time, finding that "[t]he parties demonstrate neither good cause nor diligence to extend dates. The parties' request reveals the antithesis of diligence . . . The parties' failure to complete discovery timely is a problem they, not this Court, created." (Doc. 18, 2:19-24.) Accordingly, all deadlines remained in place in this action, including the non-dispositive motion filing deadline of January 9, 2013. On February 7, 2013, after the non-dispositive motion filing deadline had passed, American Contractors sought to substitute counsel and filed the instant motion. (Docs. 29, 30, 32.) American Contractors' motion is untimely and filed outside of the deadlines set forth in the Court's Scheduling Order. (*See* Doc. 15.)

The "Court may strike an untimely document using its inherent powers to manage and control its docket and as a sanction for violating this Court's order." *Timbisha Shoshone Tribe v. Kennedy*, No. CVF 09-1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010). "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.1998) (citation and emphasis removed) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Frost v. Perry*, 919 F. Supp. 1459, 1467 (D. Nev.1996) (striking untimely motion using the court's inherent powers to control its own docket); *Timbisha Shoshone Tribe,* 2010 WL 582054, at *2 (striking untimely opposition based on the court's inherent powers to control its docket).

Rule 110 of the Local Rules of the United States District Court, Eastern District of California provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Here, American Contractors failed to comply with the Court's Scheduling Order imposing a non-dispositive motions filing deadline on January 9, 2013, and filed the instant motion almost one month after the deadline had passed. (Docs. 15, 30.) American Contractors failed to seek leave of the Court to file a motion past the deadline, and failed to show diligence as to why the motion was being filed nearly 10 months after American Contractors' answer was filed.

(*See* Doc. 12 (American Contractors' Answer filed on April 13, 2012), Doc. 30 (instant motion filed on February 7, 2013).) This delay is especially troubling in light of the fact that District Judge O'Neill has determined that the parties have exhibited "the antithesis of diligence" in this action. (Doc. 18, 2:20.)[1]

As such, since the non-dispositive motion filing deadline has passed, American Contractors' Motion for Leave to File a Cross-Claim is STRICKEN.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court STRIKE American Contractors' Motion for Leave to File a Cross-Claim (Doc. 30.)

IT IS SO ORDERED.

**Dated:   February 22, 2013**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court realizes that American Contractors obtained new counsel, which was approved by the Court on February 13, 2013. (Docs. 29, 32.) However, the substitution of counsel does not re-set deadlines in a case and does not allow for filing motions outside of previously established deadlines. The Court is also concerned by the Declaration of Robert J. Stroj, American Contractors' new counsel, who states that "[t]rial in this matter has not been set." (Doc. 30, p. 8, ¶ 5.) The Court's Scheduling Order clearly establishes that a pre-trial conference is set for May 15, 2013, and that trial is set for June 25, 2013, before District Judge O'Neill. (Doc. 15.)