UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM CHARLES PORGES dba ACCELERATED ELECTRIC, et al., <br><br> Defendants. <br> _____/ | CASE NO. 1:11-cv-02048-LJO-SKO <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PORGES DEFENDANTS** <br><br> (Docket No. 27) |

## I. INTRODUCTION

On January 18, 2013, counsel Chad T. Wishchuk ("Wishchuk") of the law firm of Marks, Finch, Thornton & Baird, LLP, attorney for Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc. ("Porges Defendants") filed a Motion to Withdraw as Counsel for Defendants.[1] (Doc. 27.) Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund, et al. ("Plaintiffs") filed a Notice of Non-Opposition. (Doc. 28.)

The Court reviewed the motion as well as the supporting documentation and found that the matter was suitable for decision without oral argument pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California ("Local Rules"); as such, the hearing on the motion was vacated. (Doc. 33.) For the reasons set forth below, counsel's motion to withdraw is GRANTED.

---

[1] The Court notes that moving counsel had been the attorney of record for Defendant American Contractors Indemnity Company ("American Contractors"). On February 13, 2013, the Court approved a request to substitute counsel and, as such, American Contractors is now represented by Robert John Stroj of Lanak & Hanna, P.C. (Docs. 29, 32.) Accordingly, in the instant motion, moving counsel is seeking to withdraw as attorney of record for the Porges Defendants only.

## II. RELEVANT PROCEDURAL HISTORY

On December 13, 2011, Plaintiffs filed a complaint against the Porges Defendants and American Contractors. (Doc. 1.) The complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") and alleges claims for breach of contract/failure to pay fringe benefit contributions, accounting, breach of fiduciary duty, and claim upon contractor's license bond. (Doc. 1.) On January 24, 2012, the Porges Defendants filed an answer; American Contractors filed an answer on April 13, 2012. (Docs. 10, 12.)

A scheduling order was issued on April 25, 2012, setting deadlines in this action, including a non-expert discovery deadline of November 9, 2012, an expert discovery deadline of December 28, 2012, a non-dispositive motion filing deadline of January 9, 2013, and a dispositive motion filing deadline of February 20, 2013. (Doc. 15.) A settlement conference was set for December 4, 2012, before Magistrate Judge Sheila K. Oberto, and the pre-trial conference and bench trial were set for May 15, 2013, and June 25, 2013, respectively, before District Judge Lawrence J. O'Neill.

On November 9, 2012, the parties requested to extend the discovery deadlines. (Doc. 17.) On November 13, 2012, District Judge O'Neill denied the requested extension of time, finding that "[t]he parties demonstrate neither good cause nor diligence to extend dates. The parties' request reveals the antithesis of diligence . . . The parties' failure to complete discovery timely is a problem they, not this Court, created." (Doc. 18, 2:19-24.)

On November 27, 2012, in preparation for the settlement conference scheduled for December 4, 2012, Plaintiffs submitted to Magistrate Judge Oberto their confidential settlement conference statement. (*See* Doc. 19.) Defendants, however, failed to submit a statement. On November 28, 2012, the Court ordered Defendants to submit a confidential settlement conference statement or show cause why sanctions should not be imposed. (Doc. 20.) On November 29, 2012, Defendants submitted their statement. (*See* Doc. 21.) An informal telephonic conference was held before Magistrate Judge Oberto on December 3, 2012, and, pursuant to the request of the parties, the settlement conference was vacated. (Doc. 24.)

On December 3, 2012, Mr. Wishchuk filed a Motion to Withdraw as Attorney for the Porges Defendants, which was denied without prejudice by the Court on January 7, 2013, for being procedurally defective. (Docs. 23, 26.)

On January 18, 2013, Mr. Wishchuk filed the instant Motion to Withdraw as Attorney for the Porges Defendants. (Doc. 27.) On February 6, 2013, Plaintiffs filed a Notice of Non-Opposition to the motion. (Doc. 28.)

On February 7, 2013, American Contractors filed a request to substitute counsel and replace Mr. Wishchuk with attorney Robert J. Stroj; the substitution of counsel was approved by the Court on February 13, 2013.[2] (Docs. 29, 32.)

### III. DISCUSSION

The Local Rule 182(d) provides specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in *propria persona*, and states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Mr. Wishchuk previously filed a Motion to Withdraw as Attorney for the Porges Defendants, which was denied by the Court as being procedurally defective for failing to comport with the requirements of Local Rule 182(d). (Docs. 23, 26.) Specifically, the Court found that the Mr. Wishchuk's declaration did not provide the current or last known address of the Porges Defendants, failed to set forth the efforts used to notify the clients, and failed to file a proof of service indicating that the motion had been served. (Doc. 26, 2:1-7.)

The instant motion corrects these defects. (*See* Doc. 27-1.) Mr. Wishchuk's current declaration provides the last know address of the Porges Defendants, indicates that the motion was

---

[2] American Contractors also filed a Motion for Leave to File a Cross-Claim (Doc. 30), which will be handled by the Court in a separate order.

served via mail and email, and includes a proof of service. (Doc. 27-1, Wishchuk Decl., ¶¶ 5-6; Doc. 27-3.)

The California Rules of Professional Conduct, Rule No. 3-700(C)(1)(d) provides that an attorney may request permission to withdraw when the client engages in conduct that "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Rule 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. Rule No. 3-700(A)(2) additionally states that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[3] and complying with applicable laws and rules."

Here, Mr. Wishchuk declares that the Porges Defendants have instructed his law firm to discontinue representation and to stop all work related to the case, have not paid the law firm for fees and costs, and have informed the law firm that they are unable to pay the fees incurred. (Doc. 27-1, Wishchuk Decl., ¶¶ 2-4.) On November 29, 2012, the Porges Defendants consented to allow counsel to withdraw. (Doc. 27-2.) Further, counsel has provided the Porges Defendants with notice of the motion and with time to find additional counsel. (Doc. 27-3.) Accordingly, the Motion to Withdraw as Attorney is GRANTED.

The Porges Defendants are advised that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

As such, the Porges Defendants are informed that any failure on their part to obtain counsel will result in the entry of default against them and that Plaintiffs will be permitted to seek default judgment. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)

---

[3] Section 3-700(D) pertains to returning property and funds to clients.

4

(affirming the district court's entry of default judgment based on a corporation's failure to obtain counsel).

The Porges Defendants are further informed that there are upcoming pressing deadlines in this action. Both the non-dispositive and dispositive motion filing deadlines have passed, and the case is set for a pre-trial conference on May 15, 2013, and for trial on June 25, 2013, before District Judge O'Neill, who has previously indicated that, due to the parties' lack of diligence, an extension of time will not be granted in this action. (Docs. 15, 18.) Accordingly, the Porges Defendants should seek new counsel immediately.

The Porges Defendants are thus ORDERED to retain new counsel within thirty (30) days from the date of this order; as noted, failure to obtain new counsel may result in the entry of default and default judgment against the Porges Defendants.

## IV.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel is GRANTED;

2. Counsel SHALL serve a copy of this order on the Porges Defendants via email and the United States Postal Service forthwith. Within two (2) days of the date of the order, counsel SHALL provide the Court with a declaration indicating proof of service;

3. The Clerk of the Court is ORDERED to RELIEVE Chad Tighe Wishchuk and Laura B. MacNeel of Marks Finch, Thornton & Baird, LLP as counsel for Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc.; and

4. The Porges Defendants SHALL retain counsel within thirty (30) days of the date of this order, or be subject to the entry of default and default judgment.

IT IS SO ORDERED.

**Dated:    February 22, 2013**              /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE