UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br> v. <br><br> WILLIAM CHARLES PORGES dba ACCELERATED ELECTRIC, et al., <br><br> Defendants. <br> _____/ | CASE NO. 1:11-cv-02048-LJO-SKO <br><br> **ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THE PORGES DEFENDANTS** <br><br> (Docket No. 42) |

## I.   INTRODUCTION

On June 10, 2013, Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund, et al. ("Plaintiffs") filed a motion for default judgment against Defendants William Charles Porges DBA Accelerated Electric ("Porges") and Porges Enterprises, Inc. DBA Accelerated Electric Inc. ("Porges Enterprises," collective "Porges Defendants"). (Doc. 42.) In pertinent part, Plaintiffs' motion requests that the Court order the Porges Defendants to submit to an accounting of their books and records to allow Plaintiffs to ascertain whether additional fringe benefit contributions are owed by Defendants for the time period at issue in this action. (Doc. 42-1, 16:16-18:16.)

"The Ninth Circuit has held that *when the trust agreement terms allow for such an audit*, the court may compel the audit specified in the trust agreement terms. *Bd. of Trustees v. RBS*

1  *Washington Blvd, LLC*, No. C 09-00660 WHA, 2010 WL 145097, at *5 (N.D. Cal. Jan. 8, 2010)
2  (citing *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th
3  Cir.1990) (emphasis added); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Cent.
4  Transp., Inc.*, 472 U.S. 559, 566, 105 S. Ct. 2833, 2838, 86 L. Ed. 2d 447 (1985) (holding that "the
5  audit requested by [the petitioner] is well within the authority of the trustees *as outlined in the
6  trust documents*").

7  Here, Plaintiffs' motion does not include the trust documents that allow for the audit of the
8  Defendants' records as requested. (*See* Docs. 42-2, 42-3, 42-4, 42.5.)  Plaintiffs submit the Inside
9  Wireman's Agreement between the East Central California Chapter of the National Electrical
10 Contractors Association and Local Union No. 100 of the International Brotherhood of Electrical
11 Workers for June 1, 2009, through May 31, 2012 ("IWA"), to which the Porges Defendants agreed
12 to be bound. (Cole Decl., Doc, 42-3, ¶¶ 4-5; Doc. 42-4, Exh. A, Doc. 42-5, Exh. B.)  Article IX of
13 the IWA sets forth the terms for Local Pension Plans, but does not provide that employers are
14 subject to an audit for nonpayment of contributions.  (*See* Doc. 42-4, Exh. A, Section 9.)
15 However, the IWA agreements states that the Trust Funds "shall be administered by and in
16 accordance with a Trust Agreement established by the parties hereto," and thus such documents
17 may exist. (Doc. 42-4, Exh. A., Section 9.1.)

18 In order for the Court to determine whether Plaintiffs request for default judgment should
19 include an accounting of the Porges Defendants records, Plaintiffs must establish under what
20 agreement they are seeking to conduct an audit and provide that agreement to the Court.

21 Accordingly, IT IS HEREBY ORDERED that, **by no later than July 26, 2013**, Plaintiffs
22 file documentation supporting their request for an accounting of the Porges Defendants' records.

IT IS SO ORDERED.

Dated:   **July 22, 2013**              /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE

2