UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM CHARLES PORGES dba ACCELERATED ELECTRIC, et al., <br><br> Defendants. <br> _____/ | CASE NO. 1:11-cv-02048-LJO-SKO <br><br> **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT AGAINST THE PORGES DEFENDANTS BE GRANTED** <br><br> (Docket Nos. 41, 42) <br><br> **OBJECTIONS DUE:** 28 days |

## I. INTRODUCTION

On June 10, 2013, Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund, et al. ("Plaintiffs") filed a request for entry of default and a motion for default judgment against Defendants William Charles Porges DBA Accelerated Electric ("Porges") and Porges Enterprises, Inc. DBA Accelerated Electric Inc. ("Porges Enterprises," collectively "Porges Defendants"). (Docs. 41, 42.) No opposition to the motion has been filed, and the time to file an opposition has expired. The Court reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). On July 23, 2013, the Court requested supplemental briefing regarding the issue of Plaintiffs' requested accounting of the Porges Defendants' records. The supplemental briefing was filed on July 26, 2013. (Docs. 46, 47.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiffs' motion for default judgment against the Porges Defendants be GRANTED.

## II.     BACKGROUND

**A.     Factual Background**

On December 13, 2011, Plaintiffs filed a complaint against the Porges Defendants and Defendant American Contractors Indemnity Company ("ACIC"). (Doc. 1.)  The complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") and alleges claims for (1) breach of contract/failure to pay fringe benefit contributions, (2) accounting, (3) breach of fiduciary duty, and (4) a claim upon contractor's license bond.  (Doc. 1.)

Plaintiffs allege that they are each the Plan Administrator of an employee benefit plan under Section 3(3) of ERISA, a fiduciary under Section 3(2)(A)(iii) of ERISA, and the named fiduciary under Section 402(a)(1) of ERISA.  (Doc. 1, ¶ 4.)  Plaintiffs contend that Defendant "Porges Enterprises is an alter ego, double-breasted shop or dba of Mr. Porges," and "therefore seek a judgment for the contributions and other damages, and to compel an audit of the financial records of Mr. Porges and Porges Enterprises" pursuant to agreements and federal law.  (Doc. 1, ¶¶ 1, 8.)  Plaintiffs allege that each of the Porges Defendants had procured and had at all relevant times contractor's license bonds in the amount of $12,500 issued by ACIC.  (Doc. 1, ¶¶ 9, 10.)

As to the breach of contract/failure to pay fringe benefit contributions claim, Plaintiffs allege that Porges is a "signatory to the collective bargaining agreement between International Brotherhood of Electrical Workers Local Union 100 and the East Central California Chapter of the National Electrical Contractors Association, and various trust agreements establishing each of the Plaintiffs (collectively, the "Agreements")."  (Doc. 1, ¶ 12.)   Plaintiffs contend that, pursuant to the agreements, Porges agreed to submit monthly contribution reports and remit fringe benefit contributions for all work performed by covered employees.  (Doc. 1, ¶ 13.)

Plaintiffs allege that Porges further agreed that all covered delinquent contributions, except for contributions owed to Plaintiff Joint Electrical Industry Training Trust Fund, would be subject to a liquidated damages sum of ten percent (10%) and that delinquent contributions owed to

1    Plaintiff Joint Electrical Industry Training Trust Fund would be subject to a liquidated damages
2    sum of twenty percent (20%). (Doc. 1, ¶ 15.) Plaintiffs allege that the liquidated damages were
3    not penalties, but that it was impracticable and extremely difficult to fix the actual damages
4    suffered by Plaintiffs in the event of a delinquency and thus represent a reasonable endeavor by
5    the parties to contemplate damages.  (Doc. 1, ¶ 15.)   Additionally, Porges agreed that all
6    delinquent contributions, except those owed to Plaintiff IBEW District No. 9 Pension Plan Trust
7    Fund, would be subject to interest on the principal balance at ten percent (10%) per annum, and
8    that delinquent contributions owed to Plaintiff IBEW District No. 9 Pension Plan Trust Fund
9    would be subject to interest on the principal balance at eight percent (8%) per annum.  (Doc. 1, ¶
10   16.)

11           Plaintiffs allege that Porges breached the contract by failing to pay all contributions as
12   required under the Agreements.  Plaintiffs claim that the known delinquent contributions from
13   June 2010 through December 2010 totaled $10,667.17. (Doc. 1, ¶ 23) As to the accounting claim,
14   Plaintiffs assert that the amounts reported by Porges may not be true and accurate, and seek to
15   verify the amounts by way of an accounting.  (Doc. 1, n. 1, ¶¶ 29-34.)  Plaintiffs allege that,
16   pursuant to the Agreements and federal law, Plaintiffs are authorized to conduct an audit or
17   accounting of the Porges Defendants' payroll books and records, and to examine all reports and
18   returns prepared by Porges concerning the time worked by, and compensation paid to, the
19   employees performing work under the Agreements. (Doc. 1, ¶ 30.)

20           As to the breach of fiduciary duty claim, Plaintiffs allege that the assets of an employee
21   benefit plan include amounts that are withheld by an employer from the plan's participant's wages
22   for contribution to the plan, and that individuals and entities such as the Porges Defendants who
23   exercise control or authority over the management and disposition of the assets owe a fiduciary
24   duty to the plan and may be held personally liable for losses suffered by the plan with respect to
25   those assets.  (Doc. 1, ¶ 36.)  Plaintiffs contend that the Porges Defendants breached their
26   fiduciary duties by failing to remit the fringe benefit contributions to Plaintiffs.  (Doc. 1,
27   ¶¶ 37-40.)

28

Plaintiffs further allege a claim for a contractor's license bond and seek judgment against ACIC based upon the Porges Defendants' procurement of their contractor's licenses. (Doc. 1, ¶¶ 42-46.)

Plaintiffs seek damages in the amount of $10,667.17 in unpaid principal contributions, liquidated damages, an accounting, prejudgment interest, costs, and attorney's fees pursuant to the terms of the Agreements. (Doc. 1, ¶¶ 24, 25.) Plaintiffs assert that Porges Enterprises is the successor-in-interest, alter ego, or double-breasted shop of Porges and is subject to the terms of the collective bargaining agreement, and is therefore jointly and severally liable for the delinquent contributions. (Doc. 1, ¶ 26.)

**B.    Procedural Background**

Plaintiffs' complaint was filed on December 13, 2011. (Doc. 1.) On January 24, 2012, the Porges Defendants filed an answer; ACIC filed an answer on April 13, 2012. (Docs. 10, 12.)

A scheduling order was issued on April 25, 2012, setting deadlines in this action, including a non-expert discovery deadline of November 9, 2012, an expert discovery deadline of December 28, 2012, a non-dispositive motion filing deadline of January 9, 2013, and a dispositive motion filing deadline of February 20, 2013. (Doc. 15.) A settlement conference was set for December 4, 2012, before Magistrate Judge Sheila K. Oberto, and the pre-trial conference and bench trial were set for May 15, 2013, and June 25, 2013, respectively, before District Judge Lawrence J. O'Neill.

On November 9, 2012, the parties requested to extend the discovery deadlines. (Doc. 17.) On November 13, 2012, District Judge O'Neill denied the requested extension of time, finding that "[t]he parties demonstrate neither good cause nor diligence to extend dates. The parties' request reveals the antithesis of diligence . . . The parties' failure to complete discovery timely is a problem they, not this Court, created." (Doc. 18, 2:19-24.)

On November 27, 2012, in preparation for the settlement conference scheduled for December 4, 2012, Plaintiffs submitted to Magistrate Judge Oberto their confidential settlement conference statement. (See Doc. 19.) Defendants, however, failed to submit a statement. On November 28, 2012, the Court ordered Defendants to submit a confidential settlement conference statement or show cause why sanctions should not be imposed. (Doc. 20.) On November 29,

2012, Defendants submitted their statement. (See Doc. 21.) An informal telephonic conference was held before Magistrate Judge Oberto on December 3, 2012, and, pursuant to the request of the parties, the settlement conference was vacated. (Doc. 24.)

On December 3, 2012, counsel for the Porges Defendants filed a Motion to Withdraw as Attorney, which was denied without prejudice by the Court on January 7, 2013, for being procedurally defective. (Docs. 23, 26.) On January 18, 2013, counsel for the Porges Defendants filed a corrected Motion to Withdraw as Attorney, which was not opposed by Plaintiffs. (Doc. 27, 28.) ACIC filed a Substitution of Attorney on February 7, 2013, which was granted by the Court on February 13, 2013. (Docs. 29, 32.) On February 22, 2013, the Court granted the Motion to Withdraw as Attorney for the Porges Defendants. The Court further ordered as follows:

> The Porges Defendants are advised that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad*. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S*., 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."
>
> As such, the Porges Defendants are informed that their failure to obtain counsel will result in the entry of default against them and that Plaintiffs will be permitted to seek default judgment. *See Employee Painters' Trust v. Ethan Enters*., Inc., 480 F.3d 993, 998 (9th Cir. 2007) (affirming the district court's entry of default judgment based on a corporation's failure to obtain counsel).

(Doc. 35, 4:19-5:2.) The Court ordered that "[t]he Porges Defendants SHALL retain counsel within thirty (30) days of the date of this order, or be subject to the entry of default and default judgment." (Doc. 35, 5:22-23.) The Porges Defendants were also informed of upcoming pressing deadlines in the action, including the pretrial conference set for May 15, 2013, and the trial set for June 25, 2013, and were advised to "seek new counsel immediately." (Doc. 35, 4:3-8.)

The Porges Defendants did not retain new counsel. On May 8, 2013, Plaintiffs filed a "Separate Pretrial Conference Statement," indicating that they had attempted to contact Porges to discuss the preparation of a Joint Statement, but had not received any response. (Doc. 38.)

On May 9, 2013, District Judge O'Neill issued a Notice of Intent to Strike Answers, informing the Porges Defendants that they may not proceed in this action without representation by counsel and that they had "disobeyed the February 22, 2013, order to secure counsel within

30 days." (Doc. 39, 1:18-21.) The Court informed the Porges Defendants of its intent to strike their answer unless, by no later than May 13, 2013, the Porges Defendants appear through counsel and file and serve papers to show good cause for their failure to file a joint pretrial statement and defend meaningfully the claims against them. (Doc. 39, 1:25-27.) The Porges Defendants were further informed that, if their answer was stricken, the Court would order Plaintiffs to seek entry of default and judgment against them. (Doc. 39, 1:28-2.1)

The Porges Defendants failed to retain counsel and did not file any papers to show cause. On May 14, 2013, District Judge O'Neill ordered that the Porges Defendants' answer be stricken, vacated the pretrial conference and trial, and ordered Plaintiffs to serve papers to either dismiss this action or seek entry of default and default judgment against the Porges Defendants. (Doc. 40.)

On June 10, 2013, Plaintiffs filed the instant Request for Entry of Default and Motion for Default Judgment against the Porges Defendants. (Docs. 41, 42.)

### III. DISCUSSION

#### A. Legal Standard

"[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, Rule 183(a) of the Local Rules for the United States District Court, Eastern District of California provides: "A corporation or other entity may appear only by an attorney." Default and default judgment are "permissible sanction[s] for failure to comply with local rules requiring representation by counsel." *Emp. Painters' Trust v. Ethan Enters, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *see also High Country Broad. Co., Inc.*, 3 F. 3d at 1245 (finding the district court's entry of default judgment "perfectly appropriate" when a corporation failed to obtain counsel).

#### B. Default Should Be Entered Against the Porges Defendants

As noted, all artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202; Local Rule 183(a). Here, Defendant William Charles Porges was sued

individually and doing business as Accelerated Electric, an artificial entity, and Defendant Porges Enterprises, Inc., doing business as Accelerated Electric, Inc. is also an artificial entity. As such, the Porges Defendants must be represented by counsel in this action.

The Court's February 22, 2013, order granting the Motion to Withdraw as Attorney of Record for the Porges Defendants informed the Porges Defendants that they were required to be represented by counsel, that failure to obtain counsel would result in the entry of default, and that Plaintiffs would be permitted to seek default judgment. (Doc. 35.) The Porges Defendants were ordered to retain counsel within thirty (30) days. They failed to do so. The Court's May 9, 2013, Notice of Intent to Strike Answers informed the Porges Defendants that since they had failed to comply with the Court's February 22, 2013, order, their answers would be stricken if they did not retain counsel by May 13, 2013; they were further required to show cause for their failure to file a joint pretrial statement and to defend meaningfully the claims against them. (Doc. 39.) The Porges Defendants failed to respond, failed to obtain counsel, and failed to show cause. Accordingly, on May 14, 2013, the Court ordered that the answer of the Porges Defendants be stricken. (Doc. 40.)

The striking of an answer due to a corporate entity's failure to retain counsel when required results in the default of that party. *See Myers v. LHR, Inc.,* 543 F. Supp. 2d 1215, 1217 (S.D. Cal. 2008) (noting that default and default judgment were appropriate when the answer was stricken due to failure to obtain counsel and failure to appear*); Microsoft Corp. v. Marturano*, No. 1:06-CV-1747 OWW GSA, 2009 WL 1530040, at *2 (E.D. Cal. May 27, 2009) (noting that default was entered upon the striking of the defendant's answer); *United States v. Uptergrove*, No. 1:06-CV-1630-AWI-GSA, 2008 WL 3850833, at *1 (E.D. Cal. Aug. 13, 2008), report and recommendation adopted, CVF061630 AWI GSA, 2008 WL 4370106 (E.D. Cal. Sept. 24, 2008) (same).

As such, due to the Porges Defendants' failure to comply with the Court's orders to retain counsel and the Court's striking of the Porges Defendants' answer, the Porges Defendants have defaulted in this action. Accordingly, it is RECOMMENDED that default against the Porges Defendants be ENTERED.

**C.      Default Judgment Should be Granted Against the Porges Defendants**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), upon default by a defendant, a district court may enter default judgment in a case. The district court's decision whether to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true, but not allegations as to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiffs, (2) the merits of plaintiffs' substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The facts in this case weigh heavily in favor of granting default judgment against the Porges Defendants. First, Plaintiffs would suffer prejudice if the Court does not enter default judgment because the Porges Defendants have refused to participate in this litigation and Plaintiffs would have no other means of recovery. *See Marturano*, 2009 WL 1530040, at *6; *Uptergrove*, 2008 WL 3850833, at *3. Denying a plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Second, as outlined above, Plaintiffs' complaint properly alleges the necessary elements of each cause of action against the Porges Defendants, which satisfies the second and third factors – the merits of the substantive claim and the sufficiency of the complaint. *See Marturano*, 2009 WL 1530040, at *6; *Uptergrove*, 2008 WL 3850833, at *3. The fourth factor is also met since there is a significant amount of money at stake in this action in the form of damages, which, as discussed below, are authorized under federal law and contract. *See Marturano*, 2009 WL 1530040, at *6; *Uptergrove*, 2008 WL 3850833, at *3.

The fifth, six, and seventh factors are also satisfied. Although the Porges Defendants initially answered the Complaint and denied the allegations, they demonstrated a complete disregard for the litigation process. They have been given opportunities to dispute material facts but have failed to comply with Court orders, refused to retain counsel as required, and have not shown cause as ordered for their failure to file a joint pretrial statement and defend meaningfully the claims against them. (Doc. 35, 39.) Further, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-18. The Porges Defendants' noncompliance with the Court's orders has been willful as there is no evidence that it is the result of excusable neglect. *See Marturano*, 2009 WL 1530040, at *7; *Uptergrove*, 2008 WL 3850833, at *3. Finally, with regard to the last factor, although cases should be decided on the merits when reasonably possible, such preference alone is not dispositive. *PepsiCo Inc., v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); s*ee also Marturano*, 2009 WL 1530040, at *7; *Uptergrove*, 2008 WL 3850833, at *3. As such, the Porges Defendants' failure to respond and defend this action renders a decision on the merits impractical. *See Marturano*, 2009 WL 1530040, at *7.

Accordingly, it is RECOMMENDED that default judgment be GRANTED against the Porges Defendants.

**D.     Porges Enterprises is the Alter Ego of William Charles Porges and is Equally Liable**

Liability for unpaid pension contributions may be imposed upon a non-signatory to the collective bargaining agreement if the non-signatory is the alter ego or double breasted operation of the signatory. *Resilient Floor Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 851-55 (9th Cir. 2010). Plaintiffs contend that Defendant Porges Enterprises is the alter ego of Defendant Porges, and is thus equally liable for all damages. (Doc. 1, ¶¶ 7-8; Doc. 42-1. 13:23-16:15.)

Porges is the signatory to the collective bargaining agreement, while Porges Enterprises is a non-signatory. (*See* Doc. 42-3, ¶ 5; Doc. 42-5, Exh. B.) As such, to establish that Porges Enterprises is the alter ego of Porges and thus liable for damages, Plaintiffs must show "(1) that the two firms have 'common ownership, management, operations, and labor relations,' and (2) that

9

the non-union firm is used 'in a sham effort to avoid collective bargaining obligations.'" *Resilient Floor Covering Pension Fund*., 630 F.3d at 852 (citing *UA Local 343 v. Nor–Cal Plumbing, Inc*., 48 F.3d 1465, 1470 (9th Cir.1994)).

Plaintiffs have established that Porges (DBA Accelerated Electric) shares the identical management with Porges Enterprises, as Porges is the sole proprietor of Accelerated Electric and the Responsible Managing Officer, Chief Executive Officer, and President of Porges Enterprises. (Doc. 42-3, ¶ 6; Doc. 42-5, Exhs. C-E.)  Further, Porges is the sole listed officer with the California Contractors State License Board for both Accelerated Electric and Porges Enterprises. (Doc. 42-5, Exh. E.)  Both Porges and Porges Enterprises perform the same business purposes for the provision of electrical services, and the licenses for both Porges Defendants share the same classification. (Doc. 42-5, Exh. C.)  Additionally, both Porges and Porges Enterprises share the same operation; the same listed business address and telephone number; the same contractor's license bonding company; the same worker's compensation insurance carrier and policy; and both conduct business under the same name of Accelerated Electric. (Doc. 42-5, Exh. C.)  As such, Plaintiffs have shown that two firms have the same common ownership, management, operations, and labor relations. *See Resilient Floor Covering Pension Fund*., 630 F.3d at 852.

Plaintiffs have also established that Porges Enterprises is used in a sham effort to avoid collective bargaining obligations. *Id*.  Plaintiffs contend that Porges formed Porges Enterprises with the intent to evade his obligations under the National Labor Relations Act ("NLRA") and the trust agreements; Porges Enterprises was formed after Plaintiffs brought a prior action in this court against Porges for the collection of other delinquent fringe benefit contributions. (Doc. 42-1, 15:8-13; *see also Bd. of Trustees of IBEW Local Union No. 100 Pension Trust Fund et al v. Porges*, Case No. 1:09-cv-02170-LJO-MJS.)  As such, Plaintiffs sufficiently establish that Porges Enterprise was created in an attempt to avoid unpaid contributions, and is the alter ego of Porges.

Additionally, the entry of default against the Porges Defendants also establishes that Porges Enterprises is the alter ego of Porges. *See TeleVideo Sys., Inc*, 826 F.2d at 917-18 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")  Plaintiffs' complaint properly pleads

10

1  that Porges Enterprises is the alter ego of Porges.  (Doc. 1, ¶¶ 8, 26.)  Accordingly, Porges
2  Enterprises is equally liable with Porges for the damages sought by Plaintiffs.

**E.    Damages**

The amount of damages may be determined from the allegations of the complaint, although those allegations are not controlling. *Dundee*, 722 F.2d. at 1323-24.  However, a judgment by default may be entered without a hearing on damages if the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. *Id*. at 1323.  Here, Plaintiffs submit documentary evidence and declarations in support of the damages sought. (Docs. 42-2, 42-3.)

ERISA § 515 obligates participating employers under collective bargaining and trust agreements "to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc*., No. C 10-1757 MEJ, 2010 WL 4922677, at *6 (N.D. Cal. Nov. 29, 2010).

Plaintiffs allege that the Porges Defendants failed to remit fringe benefit contributions from June 2010 through December 2010.  (Doc. 1, ¶ 23.)  By failing to make contributions, the Porges Defendants violated ERISA § 515. *See Bd. of Trs. of the Clerks*, 2010 WL 4922677, at *6. ERISA § 502(g)(2) provides for the entry of judgment against the Porges Defendants for payment of the unpaid contributions, interest, liquidated damages, reasonable attorney's fees and costs, and other appropriate legal or equitable relief. *Id*.

An award under ERISA § 502(g)(2) is mandatory if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc*., 104 F.3d 253, 258 (9th Cir.1996) ("[M]andatory fees are available under [29] § 1132(g)(2) notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.") (citation and internal quotation marks omitted); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc*., 875 F.2d 212,

11

215-16 (9th Cir.1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damage award is mandatory.); *see also Bd. of Trs. of the Clerks*, 2010 WL 4922677, at *6.

### 1. Unpaid Contributions

Plaintiffs submit the Declaration of Kevin Cole ("Cole"), the Business Manager and Financial Secretary of the International Brotherhood of Electrical Workers Local Union No. 100 and a trustee of Plaintiffs. (Doc. 42-3, ¶ 1.) Cole provides a copy of the Inside Wireman's Agreement between the East Central California Chapter of the National Electrical Contractors Association and Local Union No. 100 of the International Brotherhood of Electrical Workers, and establishes that Porges DBA Accelerated Electric agreed to be bound by the terms of the Agreement. (Cole Decl., Doc. 42-3, ¶¶ 4, 5, Exhs. A, B.)

Cole provides copies of the monthly "Calculation Form" and "Monthly Payroll Report – Employee Listing" reports submitted by Porges for the months of June, July, and August 2010, that establish that Porges owed a total of $10,667.17 in plan contributions, and that he remains delinquent in that amount. (Cole Decl., Doc. 42-3, ¶¶ 7-9, Exh. F.) Cole further notes that this amount does not include any liquidated damages or interest, or any additional contributions that may be owed which will need to be ascertained by the requested accounting. (Cole Decl., Doc. 42-3, ¶ 8.)

Accordingly, Plaintiffs have shown that Porges is delinquent in his fringe benefit contributions in the principal amount of $10,667.17.

### 2. Interest and Liquidated Damages

Plaintiffs seek liquidated damages under the Agreement in the amount of ten percent (10%) of the delinquent contributions for all Plaintiffs except Joint Electrical Industry Training Trust Fund, for which the unpaid contributions are subject to liquidated damages in the amount of twenty percent (20%). (Doc. 1, ¶ 15; Doc. 42-3, ¶ 9.) Plaintiffs also seek interest under the Agreement in the amount of ten percent (10%) per annum for all Plaintiffs except Plaintiff IBEW District No. 9 Pension Plan Trust Fund, who is owed interest at the rate of eight percent (8%) per

annum. (Doc. 42-1, 13:1-21.) As noted above, liquidated damages and interest are mandated under ERISA. 29 U.S.C. § 1132(g)(2); *see also Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342-43 (9th Cir. 1988).

Here, Cole has established that liquidated damages are due in the total amount of $1,066.72, and interest is due in the total amount of $3,124.06. (Cole Decl., Doc. 42-3, ¶ 9.) Accordingly, the total amount of monetary damages requested at this time is $14,857.94. (Cole Decl., Doc. 42-3, ¶ 9.)

### 3. Attorney's Fees and Costs

Plaintiffs indicate that they will also request reimbursement of their costs and attorney's fees as part of the final judgment, subject to Local Rules 292 and 293. (Doc. 42-1, 13:21-22.)

### 4. Accounting

Plaintiffs seek to conduct an accounting of the books and records of the Porges Defendants to ascertain the full amount of contributions owed to Plaintiffs for the time period at issue. (Doc. 1, ¶¶ 29-34; Doc. 42-1, 16:16-18:16.)

"The Ninth Circuit has held that when the trust agreement terms allow for such an audit, the court may compel the audit specified in the trust agreement terms." *Bd. of Trustees v. RBS Washington Blvd, LLC*, No. C 09-00660 WHA, 2010 WL 145097, at *5 (N.D. Cal. Jan. 8, 2010) (citing *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir.1990)) (emphasis added); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 566 (1985) (holding that "the audit requested by [the petitioner] is well within the authority of the trustees as outlined in the trust documents").

Plaintiffs submit the Inside Wireman's Agreement between the East Central California Chapter of the National Electrical Contractors Association and Local Union No. 100 of the International Brotherhood of Electrical Workers for June 1, 2009, through May 31, 2012 ("IWA"), to which the Porges Defendants agreed to be bound. (Cole Decl., Doc, 42-3, ¶¶ 4-5; Doc. 42-4, Exh. A, Doc. 42-5, Exh. B.) Article IX of the IWA sets forth the terms for Local Pension Plans, and states that the Trust Funds "shall be administered by and in accordance with a Trust Agreement established by the parties hereto," and thus such documents may exist. (Doc. 42-4,

Exh. A., Section 9.1.)

Plaintiffs' supplemental briefing provides copies of the Trust Agreement for the various Plaintiffs (Doc. 47), which provide that Plaintiffs may conduct an audit of the Porges Defendants' records as follows:

For Plaintiff IBEW Local 100 Pension Trust Fund:

> Section 6. AUDITS OF EMPLOYERS. The Board of Trustees has the power to require any Employer, signatory Association, the Union, any employee, or any beneficiary under the Pension Plan, to submit to it any information, date or documents reasonably relevant to and suitable for the purposes of such administration. The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, reports or documents. Good cause appearing therefor to the Trustees, upon the request of the Trustee, to enter upon the premises of such Employer during business hours and at reasonable times to examine the payroll records, Federal and State quarterly contributions reports pertaining to employers, Workmen's Compensation reports of the employees working under a Collective Bargaining Agreement, to determine whether the Employer is making full and prompt payment of all sums required to be paid by him to the Fund. The general accounting books and records of the Employer may be examined.

(Doc. 47-1, ¶ 4; Doc. 47-2, Exh. G, p. 12.)

For Plaintiff IBEW Local Union No. 100 Health and Welfare Trust Fund:

> Section 6.05. Examination of Records. Any Trustee, agent or representative of the Trustees, when authorized by the Trustees, shall have the right at reasonable times during regular business hours to call at the office of the Trust or any Individual Employer obligated to contribute to the Trust Fund and to examine and copy such of the payroll and employment records of said Individual Employer as may be necessary to determine the hours of Employees of an Individual Employer in order that the Trustee may determine whether the Individual Employer is making full payment to the Trust Fund of the amounts required.

Doc. 47-1, ¶ 4; Doc. 47-2, Exh. H, p. 2.)

For Plaintiff Joint Electrical Industry Training Trust Fund:

> Section 1. Subject to their obligations under this Agreement, the Trustee shall have at all times full power in respect to any and all monies, properties, or securities of the Trust Fund, to do all such acts, take all such proceedings, and exercise all such rights and privileges as are reasonable and necessary for the administration and operation of the Trust Fund created hereunder.
>
> . . .
>
> Section 3. The Board of Trustee shall have all general and incidental powers appropriate to the administration of the Trust Fund, including without limitation of the foregoing, the powers and duties listed in the following subsections:

14

. . .

> (h) To require the Association, any individual Employer, or the Union to submit any information, data, report, or document reasonably relevant to and suitable for the purposes of such administration, however, that the Union shall not be required to submit a membership list.

Doc. 47-1, ¶ 4; Doc. 47-2, Exh. I, pp. 10-12.) As such, Plaintiffs are authorized to conduct an audit of the payroll books and records of the Porges Defendants to ensure that they have complied with the terms of the Agreements.

Plaintiffs submit the Declaration of Andrea Williams ("Williams"), an employee of Hemming Morse LLP, a certified public accountancy and litigation and forensic consulting firm, to support their request for the following records from the Porges Defendants:

> a. Personnel records of all employees, including, but not limited to, information concerning their job classifications and duties, and dates of hire and termination;
>
> b. Source records for employee hours and reported contributions, including, but not limited to, time cards, time card summaries and related reports;
>
> c. State quarterly DE-6 and federal W-2 forms for all employees;
>
> d. Payroll registers showing the hours and earnings for all employees;
>
> e. General ledgers, cash disbursement journals and vendor invoices;
>
> f. Lists of all subcontractors, independent contractors and labor suppliers retained by employers or otherwise working on employer projects;
>
> g. All reports and other documents submitted to the trust funds, and all backup documents thereto; and
>
> h. All related records necessary to determine compliance with the collective bargaining agreement, such as specific job cost records, check registers, workers' compensation reports, and project contracts/subcontracts.

(Williams Decl., Doc. 42-2, ¶ 5.) Williams declares that these records are necessary to ensure compliance with the collective bargaining agreements, ensure proper classification of employees, determine whether additional contributions may be owed to the benefit plans, determine whether

the employer is using outside or non-union labor, and ensure that the plans comply with their own obligations toward their participants and regulating authorities. (Williams Decl., Doc. 42-2, ¶ 6.)

**F.      Plaintiffs Must Submit a Status Update Regarding Defendant ACIC**

Plaintiffs' motion is only seeking default and default judgment against the Porges Defendants; however, it is unclear what the status of the case is against Defendant ACIC. Plaintiffs must thus submit a status report concerning the current status of the case against ACIC.

### IV.      CONCLUSION AND RECOMMENDATION

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1. Default be ENTERED against Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc.;

2. Plaintiffs' motion for default judgment be GRANTED;

3. Monetary judgment in the amount of $14,857.94 be entered against the Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc.as follows:

    | Principal Fringe Benefit Contributions | |
    |---|---|
    | June 2010 | $4,080.32 |
    | July 2010 | $3,181.77 |
    | August 2010 | $3,405.08 |
    | Subtotal (Principal) | $10,667.17 |
    | Liquidated Damages | $1,066.72 |
    | Interest Requested | $3,124.06 |
    | Total | $14,857.94 |

4. Defendants William Charles Porges DBA Accelerated Electric and Porges Enterprises, Inc. DBA Accelerated Electric Inc. be ordered to produce the following records regarding their operations from June 2010 through the date final judgment to Plaintiffs within twenty (20) calendar days of the service of the final judgment, so that Plaintiffs may conduct an accounting to determine whether additional contributions are owed:

   a. Personnel records of all employees, including, but not limited to, information concerning their job classifications and duties, and dates of hire and termination;

   b. Source records for employee hours and reported contributions, including, but not limited to, time cards, time card summaries and related reports;

   c. State quarterly DE-6 and federal W-2 forms for all employees;

   d. Payroll registers showing the hours and earnings for all employees;

   e. General ledgers, cash disbursement journals and vendor invoices;

   f. Lists of all subcontractors, independent contractors and labor suppliers retained by employers or otherwise working on employer projects;

   g. All reports and other documents submitted to the trust funds, and all backup documents thereto; and

   h. All related records necessary to determine compliance with the collective bargaining agreement, such as specific job cost records, check registers, workers' compensation reports, and project contracts/subcontracts; and

  5. Plaintiffs shall submit a motion for costs and attorneys' fees as in accordance with Local Rules 292 and 293.

Additionally, IT IS HEREBY ORDERED that Plaintiffs submit a status report regarding the status of the case against Defendant American Contractors Indemnity Company within twenty-eight (28) days of the date of this order.

The Clerk of the Court is DIRECTED to serve a copy of this order on Defendants William Charles and Porges Enterprises, Inc. at Accelerated Electric, Inc., 855K South Main Street, #441, Fallbrook, CA 92028.

Within twenty-eight (28) days of service of this recommendation, any party may file written objections to this order with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Order." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The

parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 6, 2013**              **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE